1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEITH CANDLER,                            No.  2:17-cv-01885 AC P

12                   Plaintiff,

13        v.                                   ORDER

14   BAKER, et al.,

15                   Defendants.

16

17        Defendants removed this action from the Sacramento County Superior Court to this

18   district on September 11, 2017.  ECF No. 2.  Attached to their notice of removal was a copy of

19   plaintiff's complaint.  Id. at 5.  Plaintiff is a state prisoner and, pursuant to 28 U.S.C. § 1915A,

20   defendants now request that the court screen his complaint and dismiss any claims that are

21   frivolous, malicious, or which fail to state a cognizable claim.  ECF No. 2 at 3.  After weighing its

22   jurisdiction over plaintiff's claims, the court concludes that his complaint fails to comply with the

23   federal rules of civil procedure.  Plaintiff will be given leave to amend his complaint.

24        I.      Jurisdiction

25                A.      Legal Standards

26        Except where Congress otherwise dictates, a defendant may remove to federal court "any

27   civil action brought in a State court of which the district courts of the United States have original

28   jurisdiction . . ."  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction "of all civil

1

1   actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

2   "If a case is improperly removed, the federal court must remand the action because it has no

3   subject-matter jurisdiction to decide the case." ARCO Envtl. Remediation, L.L.C. v. Department

4   of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal courts have an

5   independent obligation to examine their own jurisdiction. FW/PBS, Inc. v. City of Dallas, 493

6   U.S. 215 (1990).

7              B.    Analysis

8              Having reviewed the complaint, the court concludes that plaintiff has raised federal claims

9   and that it has jurisdiction. Plaintiff alleges, among other things, that: (1) defendant Palko

10  violated his Eighth Amendment rights by exhibiting deliberate indifference to his serious medical

11  needs when, despite his contentions that he was suffering suicidal thoughts, she cleared him to

12  return to his cell (ECF No. 2 at 11-12); (2) defendants Marquez, Rashid, and Gonzales violated

13  his Eighth Amendment rights by telling Palko that plaintiff was "just playing games" and not

14  actually suicidal (id. at 12); (3) defendant Whitehead violated plaintiff's First Amendment rights

15  by intimidating and threatening him for filing staff complaint (id. at 12-13); (4) defendant Baker

16  violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by

17  sexually harassing him[1] (id. at 15-16); (5) defendants Rashid, Gonzalez, Baker, Marquez, and

18  Whitehead violated plaintiff's First Amendment rights by refusing to let him go to the canteen as

19  a form of retaliation for filing staff complaints (id. at 16-17). Consequently, the court concludes

20  that it has jurisdiction over plaintiff's claims. See Ultramar America, Ltd. v. Dwelle, 900 F.2d

21  1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the

22  complaint arises under federal law). In turn, it may exercise supplemental jurisdiction over

23  plaintiff's remaining state-law claims provided that they "are so related to claims in the action

24  within such original jurisdiction that they form part of the same case or controversy under Article

25  III of the United States Constitution." 28 U.S.C. § 1367(a).

26             Having so concluded, it turns to the screening of plaintiff's claims.

27  _____

28  [1] Plaintiff also alleges that Baker's actions were also retaliatory and, therefore, violative of his
    First Amendment rights. ECF No. 2 at 16.

2

II.    <u>Screening</u>

    A.    <u>Legal Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. <u>See</u>, <u>e.g.</u>, <u>Morris v. Horel</u>, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), <u>superseded by statute on other grounds as stated in Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

   B.  Analysis

  At the outset, the court notes that plaintiff's complaint, despite having been removed from state court, is now subject to the federal rules of civil procedure.  See Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action once it is removed from state court.").  Plaintiff's complaint violates these rules insofar as it attempts to bring unrelated claims against multiple defendants. Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple defendants arise out of common events and contain common questions of law or fact.  Here, plaintiff has alleged at least two separate claims, namely the deliberate indifference to serious medical needs claim against defendants Palko, Gonzalez, Marquez, and Rashid and the various retaliation claims which plaintiff alleges are all part of a "campaign of retaliation" for filing staff complaints.  These claims do not appear to bear any relation to each other.  Plaintiff should file an amended complaint which pursues only one of these causes of action.  Alternatively, he may allege how, if at all, these incidents arise out of common facts or events.

  With respect to plaintiff's allegations of retaliatory conduct and the purported "campaign of retaliation", it appears he may be attempting to bring a conspiracy claim.  A cognizable First Amendment retaliation claim arises where a plaintiff raises "(1) [a]n assertion that a state actor took some adverse action against [him] (2) because of (3) [his] protected conduct, and that such action (4) chilled [his] exercise of his First Amendment rights, and (5) the action did not

reasonably advance a legitimate correctional goal." Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's allegation that defendants' actions were taken in reprisal for staff complaints appear to meet these standards insofar as inmates have a First Amendment right to file prison grievances. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). To raise a successful conspiracy claim in a §1983 case, however, plaintiff must allege "the existence of an agreement or meeting of the minds to violate constitutional rights." Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (quoting Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999)) (internal quotation marks omitted). "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Id. Finally, "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Id. (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc)) (internal quotation marks omitted). Plaintiff may refer to these standards in deciding whether to pursue his retaliation claims and whether to refer to them as a §1983 conspiracy.

The court will grant plaintiff leave to submit an amended complaint which is consistent with the joinder requirements of the Federal Rules of Civil Procedure.

III.    Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." See 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. <u>George</u>, 507 F.3d at 607. Nor, as explained above, may he bring unrelated claims against multiple defendants. <u>Id.</u>

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. <u>See</u> <u>Forsyth v. Humana</u>, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges and, if so, he should describe the nature of their involvement in specific terms.

IV.     <u>Summary of the Order for a Pro Se Litigant</u>

Your complaint is being dismissed. The court has concluded that you've tried to bring multiple, unrelated claims against more than one defendant. Claims against multiple defendants must arise out of common events. You are being given an opportunity to amend your complaint. If you choose to do so, your complaint should comply with the requirements of this order.

V.     <u>Conclusion</u>

The court notes that, although plaintiff's complaint is on the record as an attachment to the notice of removal (ECF No. 2), it has not actually been docketed as a free standing filing. In light of the foregoing, the court will not direct the clerk of court to do so. Instead, it is ORDERED that:

1.     Plaintiff must submit an amended complaint that complies with the requirements

of this order within thirty days; and

      2.     He is cautioned that failure to comply with this order may result in dismissal of this action for failure to prosecute.

DATED: September 13, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE