UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KEITH CANDLER, | No. 2:17-cv-01885 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| BAKER, et al., | |
| Defendants. | |

Defendants removed this action from the Sacramento County Superior Court to this district on September 11, 2017. ECF No. 2. On September 13, 2017, the court screened plaintiff's complaint and determined that it stated multiple unrelated claims against more than one defendant. ECF No. 4. Plaintiff has now filed an amended complaint, and the court must screen it. ECF No. 7.

## Screening

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. See, e.g., Morris v. Horel, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court

1

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

2

Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.     Analysis

Plaintiff alleges that, on June 23, 2016, he filed a staff complaint which accused defendant Baker of sexually harassing him. ECF No. 7 at 4. After doing so, he claims that defendants Baker, Gonzalez, Rashid, Whitehead, and Marquez undertook a campaign of retaliation against him. Id. Plaintiff alleges that: (1) defendants Gonzalez, Marquez, and Rashid interfered with his medical treatment by telling plaintiff's psychiatric provider that he was "just playing games" and was not actually suicidal;[1] (2) defendant Whitehead verbally threatened plaintiff on several occasions; (3) defendants Baker and Gonzalez sexually harassed plaintiff by forcing him to remove his clothing in their presence; (4) defendants Baker and Gonzalez authored a false rules violation report against plaintiff; (5) Baker, Gonzalez, Rashid, Whitehead, and Marquez refused to allow plaintiff to go the canteen; and (6) defendant Whitehead declined to transport plaintiff to an authorized medical appointment. Id. at 4-9.

The court finds that the foregoing allegations are sufficient to state: (1) First Amendment retaliation claims against defendants Baker, Gonzalez, Rashid, Whitehead, and Marquez; (2) a claim under section 1983 that defendants Baker, Gonzalez, Rashid, Whitehead, and Marquez conspired to retaliate against plaintiff; (3) Eighth Amendment claims for interference with medical care against defendants Gonzalez, Marquez, Rashid, and Whitehead; and (4) Eighth Amendment sexual harassment claims against defendants Baker and Gonzalez.

Conclusion

Based on the foregoing, it is ORDERED that:

1.     The allegations in the pleading are sufficient to state potentially cognizable (1) First Amendment retaliation claims against defendants Baker, Gonzalez, Rashid, Whitehead, and Marquez; (2) section 1983 conspiracy claims against defendants Baker, Gonzalez, Rashid,

---

[1] Plaintiff alleges that, as a consequence of defendants' statements to his provider, he was sent back to his cell where he attempted suicide. ECF No. 7 at 5.

3

Whitehead, and Marquez to retaliate against plaintiff for protected conduct; (3) Eighth Amendment claims for interference with medical care against defendants Gonzalez, Marquez, Rashid, and Whitehead; and (4) Eighth Amendment sexual harassment claims against defendants Baker and Gonzalez;

    2. Of the relevant defendants, only Rashid has not been served. Accordingly, with this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the October 4, 2017 first amended complaint, and one USM-285 form and instructions for service of process on defendant Rashid. Within 30 days of service of this order plaintiff should return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Rashid will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

    3. Plaintiff is cautioned that failure to comply with this order may result in dismissal of this action for failure to prosecute.

    4. The amended complaint does not state any claims against defendant Palko and, consequently, the Clerk of Court shall terminate him as a party to this action.

    IT IS SO ORDERED.

DATED: October 16, 2017

                                            ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAKER, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-01885 AC P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

  In accordance with the court's Screening Order, plaintiff hereby submits:

   __1__  completed summons form

   __1__  completed forms USM-285

   __2__  copies of the October 4, 2017 complaint

Dated: _____

                    Plaintiff

1