UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER, | No. 2:17-cv-1885 AC P |
| Plaintiff, | |
| v. | ORDER |
| BAKER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before this court is plaintiff's motion to compel, filed on February 8, 2019. See ECF No. 22. For the reasons listed below, the motion will be denied.

I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that he was sexually harassed in early June 2016, and that he filed a staff complaint on June 23, 2016 which accused defendant Baker of the harassment. See ECF No. 7 at 4, 12. Plaintiff alleges that defendants Baker, Gonzalez, Rashid, Whitehead and Marquez began to retaliate against him following his filing of the staff complaint. See id. at 4-9. Later, after receiving a falsified rules violation report and being found guilty of delaying a peace officer, plaintiff administratively appealed. See id. He alleges that in response to his appeals, defendants

"conspired to inflict mental pain[] [on him]" during their shift and began a "campaign of retaliation" against him. See id. This conspiracy included incidents such as interference with plaintiff's mental health treatment and/or access to it, physical intimidation, and unwarranted strip searches. See ECF No. 7 at 5-8. Plaintiff was also denied canteen privileges and medical appointments. See id. at 9.

On October 17, 2017, the court found that plaintiff had stated the following cognizable claims: (1) First Amendment retaliation claims against defendants Baker, Gonzalez, Rashid, Whitehead and Marquez; (2) Section 1983 claims against defendants Baker, Gonzalez, Rashid, Whitehead and Marquez for conspiracy to retaliate against plaintiff for protected conduct; (3) Eighth Amendment claims against defendants Gonzalez, Marquez, Rashid and Whitehead for interference with medical care, and (4) Eighth Amendment claims against defendants Baker and Gonzalez for sexual harassment. See ECF No. 10 at 3-4.

On October 26, 2018, a discovery and scheduling order was issued and discovery proceedings began. See ECF No. 21. The record indicates that on January 31, 2019, the parties met and conferred regarding the production of certain documents to plaintiff. See ECF No. 22 at 1; ECF No. 23 at 8. On February 8, 2019, plaintiff filed a motion to compel. ECF No. 22. Defendants filed an opposition to the motion on February 28, 2019. ECF No. 23.

On March 27, 2019, plaintiff filed a declaration in support of his motion to compel (ECF No. 24),[1] and on April 18, 2019, plaintiff filed a request for judicial notice (ECF No. 25). The court construes plaintiff's request for judicial notice as his reply to defendants' opposition to his motion to compel. The matter is fully briefed and ready for review.

II.     PLAINTIFF'S MOTION TO COMPEL

In plaintiff's motion, he takes issue with defendants' responses to the following requests for production ("RFPs") of documents: (1) the RFP statements defendants Rashid and Baker made to interviewer Gonzalez in appeal number SAC-S-16-02293; (2) the RFP statements made

---

[1] The declaration argues that defendants' response to his motion to compel was not timely filed. As a result, it asks the court to deem his motion to compel unopposed and to grant him the discovery he has requested. See generally ECF No. 24.

2

that defendants Gonzalez and Baker made to the interviewer Heise in appeal number SAC-S-16-03276, and (3) the RFP statements of defendant Whitehouse when interviewer defendant Gonzalez interviewed him in appeal number SAC-S-16-03252. See ECF No. 22 at 1. Plaintiff writes in relevant part:

> Instead of producing the actual documents so that [I] could see how the investigators asked questions related to [my] claims, defendants only produced answers that was [sic] interpreted as interrogatorys [sic]. Defendants are refusing to give up the official documents which is [sic] important to help prove the conspiracy [sic] allegations which involves [sic] cover-ups and defendants and their buddies practicing the code of silence.
>
> The lack of official documents thwart [sic] plaintiff from producing them to the courts for oppositions [sic] or to a jury.
>
> As of now [I don't] know how many questions was [sic] asked, what questions was [sic] asked or if the formula used to investigate the appeal matters was according to an official C.D.C.R. policy.
>
> After speaking to defendants [sic] counsel about the matter on 1-31-19 [I] was told that the documents was [sic] confidential.
>
> The requested documents should be produced because they was [sic] generated as investigators was [sic] supposed to be asking material questions related to [my] claims in this lawsuit and defendant Gonzales himself was one of the investigators asking some of the questions.
>
> [My] claims is [sic] part conspiracy [sic] against defendants and [I[ can help prove my claims more better [sic] because these documents shows [sic] how investigators down played [sic], covered up and falsified state documents in an effort to conceal defendants [sic] conduct. The documents will also help prove which defendants has [sic] perjured themselves [sic] in this lawsuit.
>
> The failure to disclose the requested discovery appears to be in bad faith and calculated ot stifle and impede [sic] [my] ability to adequately represent [myself] in the lawsuit. The discovery is of substantial importance to the case and calculated to lead to the discovery of admissible evidence.

ECF No. 22 at 1-3 (brackets added) (citations omitted).

In the motion to compel, plaintiff also attaches a copy of defendants' responses to his "second"[2] request for production of documents. See ECF No. 22 at 5-8. The court refers to this

---

[2] There appears to be some confusion regarding whether this was plaintiff's first request for production of documents or his second request. See ECF No. 23 at 2 n.1, 8, 15, 17.

1 document as well as plaintiff's motion to evaluate the adequacy of defendants' responses.

III. DEFENDANTS' OPPOSITION

Defendants contend that they have responded appropriately to plaintiff's requests for production of documents, set two, and that the motion should therefore be denied. See ECF No. 23 at 2-6. First, they point out that plaintiff's motion fails to address defendants' objections and that as a result, plaintiff has failed to meet his burden to show why their objections are not justified. See id. at 4 (citations omitted).

Next, defendants contend that the statements they produced to plaintiff in response to his production for documents were appropriate because *statements* were precisely what plaintiff had asked for; he had not asked for *documents*. See ECF No. 23 at 4. They represent that the first time plaintiff asked for actual documents was during the parties' January 2019 telephonic meet and confer. See id. at 5, 8-9. In any event, defendants argue, they have provided plaintiff with the information he originally asked for, and they note that to the extent plaintiff argues that he needs the actual documents so that he can proffer them in a summary judgment motion or at trial, they have told plaintiff that the statements they have provided to him may be used in both situations. See id. at 4, 8-9. During the meet and confer, defendants also told plaintiff that he was welcome to submit a written request for the documents, but that if he did, they would seek to have them deemed privileged. See id. at 5.

Finally, defendants argue that to the extent plaintiff is now asking for the production of privileged documents via this motion to compel, the time for plaintiff to have done so has passed. They contend that the information plaintiff seeks is confidential under Cal. Code Regs. tit. 15, § 3321, and that its release to plaintiff, an inmate, is improper under Cal. Code Regs. tit. 15, § 3370. See ECF No. 23 at 5-6. They also formally object to the production of "any documents that are considered confidential with regard to the inmate appeal process, including the confidential supplements that include the . . . statements that were already provided." Id. at 5. In support of these arguments, defendants have provided the requisite declaration from an appropriate prison authority as well as a privilege log. See ECF No. 23 at 21-24, 25-26, respectively; see generally Hampton v. City of San Diego, 147 F.R.D. 227, 230-31 (S.D. Cal. Mar. 15, 1993) (stating official

4

information privilege affidavit and privilege log requirements).

IV. PLAINTIFF'S REPLY

Plaintiff's reply does not directly respond to any of the arguments made by defendants in their opposition. It simply asks the court to take judicial notice of different federal cases related to the confidentiality of police reports and investigations, of authority related to privilege, and of Federal Rule of Evidence 501. See generally ECF No. 25.

V. APPLICABLE LAW

A. Federal Rule of Civil Procedure 37(a)(3)(B): Failure to Cooperate in Discovery

Federal Rule of Civil Procedure 37(a)(3)(B)(iii)-(iv) states:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
>
> . . . .
>
> **(3)** *Specific Motions.*
> (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> . . . .
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

B. Federal Rule of Civil Procedure 26(b)(1)-(2): Scope of Discovery

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b). The current Rule states in relevant part:

> **(b) Discovery Scope and Limits.**
>
> *(1) Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

5

whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

  *(2) Limitations on Frequency and Extent.*

   . . . .

   **(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

    **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    . . . .

    **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(1), (2)(c)(i), (iii).

  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability. In 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery. Discovery must also be proportional to the needs of the case.

  A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied, and they must clarify and support their objections. <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. <u>Burlington Northern & Santa Fe Ry. v. United States Dist. Court</u>, 408 F.3d 1142, 1149 (9th Cir. 2005).

6

VI. DISCUSSION

Plaintiff's motion and reply fail to state with specificity precisely why each of defendants' responses to the RFPs listed below are inadequate. See generally ECF Nos. 22, 25. The three RFPs in question and their contested responses are the following:

A. Contested Responses to Plaintiff's Requests for Production

1. RFP No. 1: Request and Response

REQUEST FOR PRODUCTION NO. 1:

Please produce the statements that defendants Rashid and Baker made to Defendant Gonzalez during appeal #SAC-S-16-0229.3.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Objection: This request does not describe a category of documents with reasonable particularity. This request is also not relevant to either party's claims or defenses as the incident within this appeal is not at issue in this case. Interpreting the request as an interrogatory, without waiving the objection, "During an interview for SAC-S-16-02293, Officer T. Rashid stated he recalled the issue he had with inmate Candler on June 15, 2016. Specifically, Officer[] Rashid stated, 'Candler covered his cell. window with paper obstructing view into his call which is why Officer Baker requested my assistance. I placed the extraction shield in front of the food port as a safety precaution, as I safely opened the hatch and looked through the food port and inside the cell. Candler was standing in his cell and in good health. I did not observe any sexual harassment or misconduct.' Additionally, Officer E. Baker stated he recalled the issue he had with inmate Candler on June 15, 2016. Specifically, Officer Baker stated, 'Candler was very defiant that day. He refused many verbal orders to remove the paper from his cell window which obstructed my view into his cell. I utilize my flashlight to observe all inmates in their cells while I conduct my scheduled guard 1 security checks. I did not shine my flashlight directly at Candler's penis area.'"

ECF No. 22 at 5-6 (brackets added).

2. RFP No. 2: Request and Response

REQUEST FOR PRODUCTION NO. 2:

Please produce the statements that defendants Gonzales and Baker made to interviewer Heise for appeal log SAC-S-16-03276.

7

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Objection: This request does not describe a category of documents with reasonable particularity. Interpreting the request as an interrogatory, without waiving the objection, "During an interview for SAC-S-16-03276, Sergeant Gonzales stated on August 8, 2016, he was notified inmate Candler was refusing to perform a correct unclothed body search for Officer Baker. Sergeant Gonzales counseled inmate Candler regarding his behavior and the expectations while he is in STRH. Sergeant Gonzales stated Officer Baker completed an unclothed body search on inmate Candler and escorted him back to his assigned cell. Sergeant Gonzales further stated he instructed Officer Baker to author a Rules Violation Report (RVR) on Candler for Disobeying Orders. Officer Baker stated on August 8, 2016, he was escorting inmates from the STRH walk alone yard cells back to their assigned cells. Officer Baker further stated when he attempted to have inmate Candler perform an unclothed body search, inmate Candler; refused to perform a complete and proper unclothed body search. Officer Baker further stated he ordered Candler to complete a proper unclothed body search and Candler refused. Officer Baker further stated he maintained constant observation on inmate Candler until Sergeant Gonzales responded and counseled Candler on the expectations of STRH. Officer Baker further stated he had inmate Candler perform a proper unclothed body search and escorted him back to his assigned cell."

ECF No. 22 at 6-7.

3. RFP No. 3: Request and Response

REQUEST FOR PRODUCTION NO. 3:

Please produce the statements Defendant Whitehead made to defendant Gonzales for appeal SAC-S-16-03252.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Objection: This request does not request a category of documents with reasonable particularity. Interpreting the request as an interrogatory, without waiving the objection, "During the interview with Sergeant Gonzales, Officer M. Whitehead stated he recalled several instances where the appellant would refuse to wear his jumpsuit appropriately for Group. Specifically, Officer Whitehead stated, 'I didn't escort Candler on August 17, 2016 and on August the 23, 2016, he refused to follow orders. Candler would refuse to tie his jumpsuit in the front and always insisted on wearing his jumpsuit open in the front which could lead to an accidental or intentional exposure to others. I explained to him the importance of dressing properly and gave him my expectations of following orders, but was often met with argumentative behavior.' Officer Whitehead also stated he did not laugh at the appellant while he was in any holding cell, nor did he speak with his fellow staff members concerning the appellant."

ECF No. 22 at 7.

B. <u>Plaintiff's Arguments in Support of Motion to Compel</u>

Plaintiff lists the following general reasons why his motion to compel should be granted with respect to these three RFPs: (1) so that he can see how the investigators asked questions related to plaintiff's claims; (2) because the documents are important to help him prove the conspiracy allegations which involve cover-ups and involve the defendants and their buddies practicing a code of silence; (3) because defendants' failure to produce the documents prevents him from being able to present them to the court in opposition motions and prevents him from being able to present them to a jury; (4) because not having the documents prevents him from finding out which questions were asked or if the formula used to investigate his appeal matters was applied according to an official California Department of Corrections and Rehabilitation policy, and (5) because the documents were generated when investigators were supposed to be asking material questions related to his claims in this lawsuit, and defendant Gonzalez was one of the investigators asking some of the questions. See ECF No. 22 at 2-3.

C. <u>Analysis</u>

1. <u>Plaintiff Fails to Address Defendants' Objections or to Specifically Identify Inadequacies in the Responses</u>

The court agrees with defendants that plaintiff has not stated with adequate specificity precisely why he takes issue with defendants' objections to each of his RFPs, and why the responses are inadequate. <u>See</u> ECF No. 23 at 4; <u>see</u> <u>generally</u> ECF No. 22. Plaintiff speaks generally regarding defendants' responses to his RFPs and states why he wants hard copies of documents, instead of explaining how not having hard copies of the documents will prevent him from further supporting his First and Eighth Amendment claims.

For example, plaintiff states that having hard copies of reports will enable him to "see how the investigators asked questions related to [his] claims," and will "help prove which defendants have perjured [themselves] in this lawsuit." ECF No. 22 at 2-3 (brackets added). However, plaintiff fails to indicate how knowing the investigators' questioning patterns or sequences will help him establish elements of his First and Eighth Amendment retaliation, sexual

9

harassment and medical interference claims, or how knowing about such patterns is relevant to his claim of conspiracy to retaliate. <u>See</u> generally ECF No. 7 (plaintiff's first amended complaint); <u>see also</u> ECF No. 10 at 3 (plaintiff's cognizable claims). Defendants have provided plaintiff with the substance of the statements made, including direct quotations, which plaintiff can use for impeachment purposes

Plaintiff has the burden of describing why a particular discovery response is inadequate. The court cannot and will not make the arguments for him. <u>See, e.g.</u>, <u>Williams v. Flint</u>, No. CIV-S-06-1238 FCD GGH P, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete.").

### 2. <u>Plaintiff's Requests for Production Were Unclear</u>

Plaintiff served a discovery request styled as a Request for Production of Documents, but which did not identify particular documents whose production was requested. Rather, the discovery requests asked for "statements" that had been made orally by defendants. The RFP was thus ambiguous, and it was not unreasonable of defendants to construe the requests as interrogatories and respond with the contents of the statements that plaintiff had requested. The court finds that the responses were adequate.

### 3. <u>Plaintiff Failed to Send Out New RFPs</u>

During the meet and confer process, defendants suggested that plaintiff submit a written request for the specific documents he wanted. <u>See</u> ECF No. 23 at 4-5. It does not appear that plaintiff did this. <u>See</u> generally <u>id.</u> at 8-9. Plaintiff has not moved to compel responses to any such supplemental requests.

Plaintiff's error in having asked for statements instead of documents was clearly pointed out to him during the meet and confer. He was given the opportunity to correct his mistake, but did not do so. This weighs against plaintiff's position here.

### 4. <u>Plaintiff Has Received the Relevant Content of the Documents At Issue</u>

Defendants contend that plaintiff has received the statements that are within the documents he currently requests, which constitute the relevant and discoverable information. <u>See</u>

ECF No. 23 at 8-9.  Plaintiff does not dispute this.  See generally ECF Nos. 22, 25.  The court that plaintiff will be able to use the statements provided in future court proceedings.  See ECF No. 23 at 4, 8-9.  The court foresees no reason why he would not be able to do so, and plaintiff provides no arguments suggesting otherwise.  See generally ECF Nos. 22, 25.  Indeed, plaintiff fails to indicate what information he believes exists in the documents that has not been provided to him by defendants and how that missing information is relevant to any of his four claims.  See generally id.  Accordingly, the court is not persuaded by plaintiff's argument that he needs the underlying documents for litigation purposes.

### 5.  Plaintiff Has Not Disputed Defendants' Privilege Claim

Finally, defendants object to the production of the underlying documents on privilege grounds (see ECF No. 23 at 8-9), and have filed the requisite declaration from an appropriate prison official as well as a privilege log.  See ECF No. 23 at 21-26.  Accordingly, they have made a threshold showing that documents are privileged.  See Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995).  Plaintiff has not presented any argument why the asserted privileges do not apply or are overcome.  His general citations to case law and federal rules related to the privilege doctrine (see generally ECF No. 25) are neither helpful nor persuasive.

Because plaintiff does not dispute with any specificity the privileged nature of the documents he requests, and has not demonstrated why the requested documents are important to his case, the court has no basis for overruling the claim of privilege.  See Duenez v. City of Manteca, No. 2:11-cv-1820 LKK AC, 2013 WL 684654, at *6 (E.D. Cal. Feb. 22, 2013) (stating importance of information to plaintiff's case is most important factor when balancing interests related to disclosure of privileged information).

## VII. CONCLUSION

For all the reasons explained above, IT IS HEREBY ORDERED that plaintiff's motion to compel, ECF No. 22, is DENIED.

DATED: September 24, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11